## THE STATE v. SMITH.

Judgment will be arrested if the indictment be so framed as to leave it doubtful which of several acts charged the party accused is legally required to defend.

INDICTMENT, alleging that the defendants were selectmen and overseers of the poor of and in the town of Exeter, for and during the political year of eighteen hundred forty-three, and as such were bound by law to see to and provide for all poor, sick and diseased people, who were taken sick within said town of Exeter, and were unable by reason of sickness to be moved, and take care of and provide for themselves during their sickness in said town; yet well knowing that Eleanor Moore was so infected, ill, and sick of small-pox, to wit, on the 19th

day of June, in the year of our Lord one thousand eight hundred and forty-three, with force and arms did unlawfully and injuriously take and carry the said Eleanor Moore from the dwelling-house of one Oren Head, in said Exeter, into and along the open public highway, (called the Great Road, &c.) to the dwelling-house of one Mehitable Kelly, in the town of Stratham, situate there near to and upon said highway, and near to and by other dwelling-houses of divers good citizens there dwelling; and also near unto and by divers other good citizens, in the said open and public highway travelling and passing and repassing thereupon; and then and there, against the will and consent of the said Mehitable Kelly, in the said dwelling-house did then and there leave the said Eleanor Moore, in her said sick and dying condition, without making any provision for physician or nurse to administer to her in her sickness aforesaid; by reason of the moving of her, and want of suitable physic, care and nursing, the said Eleanor Moore, thereafter, to wit, on the twenty-fourth day of said June, at the said dwelling-house of the said Mehitable Kelly, in said Stratham, died; all which was to the great and manifest danger of infecting with said contagious, infectious and dangerous disease and sickness, called the small-pox, divers and many of the good citizens of said State, on the days and times last mentioned, who were in said public highway, and other good citizens who dwelled, inhabited and resided there and near thereto, and who had not had the said disease and sickness. To the great danger and common nuisance and expense of all the inhabitants of the said town of Stratham. To the evil and pernicious example of all others in like case offending, and against the peace and dignity of the State.

The jury found a verdict against the defendants, who moved in arrest of judgment, that the indictment was "uncertain, multifarious and insufficient."

The State *v.* Smith.

*Bell* and *Tuck*, for the defendants.

GILCHRIST, J. The jury having found a verdict against the defendants, the case comes before us upon a motion in arrest of judgment for alleged defects in the indictment. One is that it sets forth no substantive crime known and recognized by the laws of the State, and another is that it is double, or multifarious in the charges which it contains. Under the last head it may be remarked that the Bill of Rights was intended to protect the citizen against the consequences of being held to answer to accusations not distinctly and seasonably made known to him, and requires that he shall not be held to answer to any offence until the same is fully and plainly, substantially and formally, described to him.

The indictment alleges that the defendants, selectmen and overseers of the poor of Exeter, and bound to provide for sick persons, unable to provide for themselves, knowing that Eleanor Moore was infected with a contagious disease called small-pox, on a day named, with force and arms unlawfully took her from the house of Oren Head, and carried her along the " Great Road," so called, to the house of Mehitable Kelly, in Stratham, which stood near the highway, and near other houses that were inhabited, carrying her also by and near persons passing and repassing upon the Great Road, and against the consent of Mehitable Kelly, left the woman Moore at her house, sick and destitute, by reason of which moving and abandonment she soon after died.

Up to this point the count is somewhat direct; at least, if it stopped here, we might, in view of the grave aspect in which it exhibits the official acts of the defendants, decline to review very critically what is said of the Great Road, and the citizens that were travelling upon it, or had erected their dwellings by its side. But these doings and their very serious result are said in the indictment to have

been to the great and manifest danger of infecting the people with small-pox; such, at least, as had not already had it—for to these the mischief is limited—and to the evil and pernicious example of all other persons in like cases offending.

This conclusion of the indictment connects itself with its previous averments concerning the Great Road and the dwellings upon it, and near the house of Mehitable Kelly, and the persons who were passing upon the road while the selectmen were conveying the diseased woman to her house; and we are impelled to the inference that something more is comprised in the indictment than a specification of the wrong to the party who was the greatest sufferer. But whether that wrong was any other than the danger to the public health, or whether a glance was intended to the particular case of Mehitable Kelly, whose house appears to have been somewhat capriciously chosen as the scene of this multifarious, official misdemeanor, does not certainly appear. The act is said to have been against the will and consent of Mehitable Kelly, and against the peace and dignity of the State, and was certainly, in the bald and unqualified description which the indictment gives of it, a very unjustifiable invasion of her dwelling-house.

We therefore think that the varied aspect in which the proceeding of these defendants is represented in the indictment, is such as to render it difficult to determine what particular offence they are legally charged with, and that therefore that paper fails to describe to them any offence so plainly and fully as is demanded by the fifteenth section of the Bill of Rights.

*Judgment arrested.*